IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

DAVID MORALES CRUZ

Debtor

CASE NO. 18-01931 (BKT)

CHAPTER 13

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**
**(Plan Dated April 11, 2018)**

Comes now Scotiabank de Puerto Rico ("Scotiabank") through the undersigned attorney and respectfully states and prays as follows:

**Procedural Posture**

On April 12, 2018 Debtor filed a Chapter 13 plan (the "Plan"). The Plan produces a base of $11,400.00 in a term of 60 months. See docket entry # 2.

Scotiabank hereby objects to the confirmation of the Plan based on the following grounds: *(i)* the Plan as proposed is not feasible; and *(ii)* there is no certainty that Debtor will be able to make all the required payments under the Plan.

**The Facts**

1. As we stated before, the Plan under consideration of the Court produces a base of $11,400.00. The Plan provides curing the pre-petition arrears accrued in the mortgage loan with Scotiabank listed in the amount of $4,220.00 and claimed by the Bank in the amount of $5,637.46. The Plan also provides for the payment to other creditors and the payment of

administrative expenses such as in attorney's fees and the Trustee's commission all of which exceed the base of the Plan.

2. A simple mathematical computation will show that the Plan is insufficiently funded and that Debtor will not be able to make all the payments proffered under the Plan.

3. That on May 29, 2018, Scotiabank filed secured claim number 3 in the aggregate amount $145,895.69 out of which $5,637.46 is due on account of pre-petition arrears accrued in the first mortgage that encumbers Debtor's residence.

4. That the appearing secured creditor objects to the confirmation of the Plan for based on the facts and legal arguments herein alleged.

### The Code and the Jurisprudence

*Lack of Feasibility*

5. The appearing creditor adopts by reference the allegations depicted in paragraphs 1 through 4.

6. In summary Debtor has failed to meet the test of Section 1325 (a)(6) of the Code, 11 U.S.C. § 1325 (a)(6) that requires in order for the Court to be able to confirm the Plan to make a finding that Debtor will be able to <u>make all payments</u> under the plan.

### NOTICE OF RESPONSE TIME

Pursuant to the provisions of Local Bankruptcy Rule 9013-1(c)(1) within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

WHEREFORE, Scotiabank respectfully requests an Order Denying the confirmation of the Plan dated April 11, 2018.

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on this date copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Debtors' attorney **Roberto Figueroa Carrasquillo, Esq.** and to **Alejandro Oliveras Rivera, Esq.** Chapter 13 Trustee, and also certify that I have mailed by United States Postal Service copy of this motion to the following non CM/ECF participant debtor, to their address of record in this case.

In San Juan, Puerto Rico, this 29th day of May, 2018.

**CARDONA JIMENEZ LAW OFFICES, P.S.C.**
Attorney for Scotiabank
PO Box 9023593
San Juan, PR 00902-3593
Tels: (787) 724-1303, Fax No. (787) 724-1369
E-mail: **jf@cardonalaw.com**

*/s/José F. Cardona-Jiménez*, **USDC PR 124504**